IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 18-03197-DCS13 |
| DARIUS J. DRIVER, | Chapter 13 |
| Debtor. | Judge D. Sims Crawford |
| ENERSYS DELAWARE, INC., | |
| Plaintiff, | |
| v. | Adv. Pro. No. _____ |
| DARIUS JARVIS DRIVER, | |
| Defendant. | |

## COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § § 523(a)(4) AND (a)(6)

Plaintiff Enersys Delaware, Inc. ("Plaintiff") files this Complaint under 11 U.S.C. § 523 against the Defendant Darius Jarvis Driver ("Debtor") as follows:

### PARTIES

1. Plaintiff is a Delaware corporation with its principal place of business in Reading, Pennsylvania.

2. Debtor is an individual who resides in Jefferson County, Alabama.

3. On August 7, 2018 (the "Petition Date"), Debtor filed a Voluntary Petition for Relief under Chapter 13 of 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), pending as Case No. 18-03197-DCS13.

## JURISDICTION AND VENUE

4.  This action is brought pursuant to 11 U.S.C. § 523(a) and (c) and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules). This action alleges the nondischargeability of Debtor's criminal restitution obligation to Plaintiff under 11 U.S.C. §§ 523(a)(4), 523(a)(6) and 523(c).

5.  This action is a core proceeding within the meaning of 28 U.S.C. § 157.

6.  This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157, and the General Order of Reference of the United States District Court for the Northern District of Alabama.

7.  This Court is the proper venue for this proceeding under 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

8.  While an employee of Plaintiff, the Debtor stole and/or embezzled money belonging to Plaintiff.

9.  Debtor pled guilty to, and was convicted of, theft of property in the first degree, a Class B felony, in violation of Alabama Code §13-8-3(a). *State of Alabama v. Darius Jarvis Driver*, Criminal Action No. DC-2012-4503, in the District Court of Jefferson County, Alabama

10. On May 9, 2013, Debtor was ordered by the District Court of Jefferson County, Alabama, to pay restitution to Plaintiff in the sum of $161,267.00 in monthly installments of $250.00. The full payment of restitution to Plaintiff was a condition of Debtor's probation and parole.

11. A true and correct copy of the criminal court's Felony Sentencing Order commanding the Debtor to pay restitution to Plaintiff is attached hereto as **Exhibit A**.

2

4824-7518-4245.1

Case 18-00244-DSC    Doc 1    Filed 10/04/18    Entered 10/04/18 11:05:53    Desc Main
Document    Page 2 of 4

12. To date, Debtor has not satisfied his restitution obligation to the Plaintiff.

## COUNT ONE – NONDISCHARGEABILITY UNDER 11 U.S.C § 523(a)(4)

13. Plaintiff re-alleges and re-avers paragraphs 1-12 above as if fully set out herein.

14. 11 U.S.C. § 523 (a)(4) provides:

(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

15. Debtor's criminal conviction for theft of property in the first degree and resulting restitution obligation to Plaintiff under the Felony Sentencing Order are exempt from discharge under 11. U.S.C. § 523(a)(4).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order and judgment declaring that the Debtor's obligation to pay restitution to Plaintiff under the Felony Sentencing Order is non-dischargeable under 11 U.S.C. § 523(a)(4), and granting Plaintiff such other appropriate relief as may be just and proper.

## COUNT TWO – NONDISCHARGEABILITY UNDER 11 U.S.C § 523(a)(6)

16. Plaintiff re-alleges and re-avers paragraphs 1-15 above as if fully set out herein.

17. 11 U.S.C. § 523(a)(6) provides:

(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—

(6) for willful or malicious injury by the debtor to another entity or to the property of another entity.

3

4824-7518-4245.1

Case 18-00244-DSC   Doc 1   Filed 10/04/18   Entered 10/04/18 11:05:53   Desc Main
Document      Page 3 of 4

18. Debtor's criminal conviction for theft of property in the first degree and resulting restitution obligation to Plaintiff under the Felony Sentencing Order are exempt from discharge under 11. U.S.C. § 523(a)(6).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order and judgment declaring that the Debtor's obligation to pay restitution to Plaintiff under the Felony Sentencing Order is non-dischargeable under 11 U.S.C. § 523(a)(6), and granting Plaintiff such other appropriate relief as may be just and proper.

*/s/ N. Christian Glenos*
N. Christian Glenos
Andrew J. Shaver

BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
cglenos@bradley.com
ashaver@bradley.com
**Counsel for Plaintiff, Enersys Delaware, Inc.**

4

4824-7518-4245.1

Case 18-00244-DSC   Doc 1   Filed 10/04/18   Entered 10/04/18 11:05:53   Desc Main
Document    Page 4 of 4